■ RAYMOND BROWN, Respondent-Appellant, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, and MACKAY CONSTRUCTION CORP., Appellant. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff, v. MACKAY CONSTRUCTION CORP. et al., Third-Party Defendants.— Judgment, Supreme Court, New York County entered June 1, 1971, after a jury trial, in favor of plaintiff against defendant Mackay Construction Corp. ("Mackay"), exonerating defendant Consolidated Edison Company of New York, Inc. ("Con Edison") from liability, and dismissing the cross complaint of defendant Con Edison against Mackay and S. T. Grand Construction Co., Inc. ("Grand"), unanimously modified, on the law and on the facts, to reverse the judgment in favor of plaintiff against Mackay and to grant judgment in favor of Mackay dismissing the complaint as to it; and otherwise affirmed, without costs or disbursements. Con Edison contracted with Mackay for the latter to lay two oil-o-static lines in the bed of 42nd Street and furnished Mackay with a layout showing the location of the proposed route of such lines and of utility structures located beneath the surface of said street. Mackay then subcontracted the work to be performed to Grand under an agreement which provided for Grand to supply the necessary supervision, labor and equipment for the job; and furnished Grand with copies of the aforesaid layout. Plaintiff, an employee of Grand, was severely injured when the pneumatic drill he was operating cut into one of Con Edison's live electrical cables. Since defendants Con Edison and Mackay made available to Grand copies of the layout showing the location of the underground cables and neither one

retained or assumed any direct control over the work in progress, it is apparent that the accident occurred due to Grand's manner of prosecuting the work or its negligence in performing such work or from a hazard arising from the prosecution of the work itself. Under such circumstances, neither defendant can be held liable for plaintiff's injuries under any theory of common-law negligence, or for failure to provide plaintiff with a safe place to work in violation of sections 200 or 241 of the Labor Law. (See, *Storm* v. *New York Tel. Co.*, 270 N. Y. 103; *Allesi* v. *City of New York*, 9 A D 2d 236, affd. 12 N Y 2d 703; *Grant* v. *Rochester Gas & Elec. Co.*, 20 A D 2d 48; *Gonzalez* v. *Partition Serv. Co.*, 22 A D 2d 673; *Gasper* v. *Ford Motor Co.*, 13 N Y 2d 104; *Wright* v. *Belt Assoc.*, 14 N Y 2d 129; *Zucchelli* v. *City Constr. Co.*, 4 N Y 2d 52; *Persichilli* v. *Triborough Bridge & Tunnel Auth.*, 16 N Y 2d 136.) Finally, were we not dismissing the complaint against defendant Mackay we would, in any event, reverse the judgment against it as being against the weight of the evidence. Concur — Stevens, P. J., Nunez, Murphy, McNally and Eager, JJ.